UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAITEE JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01718-JPH-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Jaitee Jackson plead guilty to (1) interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"); (2) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and (3) prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a total of 154 months' imprisonment. For the § 924(c) count, the underlying "crime of violence" alleged was Hobbs Act robbery.

Mr. Jackson, by counsel, argues that he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). In *Davis* the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Mr. Jackson now contends that post-*Davis*, Hobbs Act robbery fails to qualify as a "crime of violence" such that Mr. Jackson is now innocent of the § 924 offense.

For the reasons explained below, Mr. Jackson is not entitled to any relief on this basis.

1

## I. Discussion

Rule 4(b) of Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* That is the case here. Mr. Jackson is not entitled to any relief based on his 18 U.S.C. § 924(c) conviction and this action must be dismissed.

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that 18 U.S.C. § 924(c)(3)'s residual clause—that is, § 924(c)(3)(B)—was unconstitutionally vague. However, Hobbs Act robbery, 18 U.S.C. § 1951(a) is a crime of violence under the still-valid "elements clause" of § 924(c)(3)(A). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019); *United States v. Fox*, No. 18-3087, 2019 WL 5783473, at *2 (7th Cir. Nov. 6, 2019). This is because it includes the use, or threatened use of physical force against the person or property of another. § 1951(b) (defining robbery). Counsel acknowledges this caselaw and explains that the argument is made to preserve the issue in the event of future litigation. Dkt. 1 at p. 2.

Even though *Davis* invalidated § 924(c)(3)(B)'s residual clause, the Seventh Circuit has held that robbery under 18 U.S.C. § 1951(a), is still a crime of violence under § 924(c)(3)(A)'s force clause and constitutes a valid predicate crime of violence for the purposes of Mr. Jackson's convictions. Mr. Jackson is thus not entitled to relief and this action must be dismissed.

## II. Conclusion

The motion pursuant to § 2255 is **DENIED**. Judgment consistent with this Entry shall now issue. The clerk shall also enter this Entry on the docket in the underlying criminal action, No. 1:09-cr-154-JPH-DML-1. The motion to vacate shall also be terminated in the underlying criminal action.

## III. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Jackson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court therefore denies a certificate of appealability.

**SO ORDERED.**

Date: 7/24/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org